Judge Robertson
delivered the opinion of the Court.
On tiie 6th of March, 1825, William Winn filed, in the clerk’s office of the Clarke circuit court, his declaration in covenant against John Young, on the following written covenant: “I promise to pay unto William Winn, son to James Winn of Clarke county, when he shall arrive to the age of twenty one years old, one hundred dollars with legal interest thereon, for value received, as witness my hand and seal this 2d day of October, 1817.
JOHN YOUNG, (seal.)
Attest—Thomas Warren.”
The defendant having filed two pleas, denying.that the defendant was twenty one years old, and denying notice of the fact, on. which issues were taken, a jury was sworn to try the issues; on the trial the plaintiff moved the court to instruct the jury, that they should find for him interest from.the date of the note, which being objected to, the counsel for the plaintiff, and the judge concurred in a suggestion which was made, that it would be safest to calculate interest only from the time when the plaintiff attained legal maturity; and accordingly the plniutiff’s counsel thereupon made the calculation by this standard, and the jury without-retiring from the bar, found a verdict for the amount, of principal and interest, as thus computed by the attorney.
After the verdict was rendered, the attorney for the plaintiff moved for a new trial, on the ground that the *52 verdict was for too small a sum. But the court overruled the motion and gave judgment on the verdict.
When the rights of a party have been wantonly or inadvertantly comprometed by counsel, a new trial should be grafted to rectify such mistake.
Plaintiff entitled to interest from the date of the covenant.
Verdict not the result of compromise of doubtful rights.
Monroe for plaintiff.
There can be no doubt that the plaintiff was entitled by the contract, to interest from the date of the note. The language employed is susceptible of no other rational or consistent construction. It would be absurd to suppose that’a note for the payment of money on a particular day, with interest, could be construed to mean, that the interest should commence on the day of payment, and not before, for the law would give interest from that time. It is perfectly evident, that in this case interest was payable from the date of the note, and consequently the plaintiff was entitled toa verdict for the principal and the interest calculated from that time. As the verdict was for a less sum, it was erroneous. And we cannot believe that the mistake or inadvertence of the counsel, in such a case, should debar the plaintiff from asserting his rights. The verdict was not the result of a compromise of doubtful claims. The plaintiff’s right to interest from the date of the note was clear, and the verdict resulted from the mistake of his attorney, which was produced in some degree by the suggestion of the judge; and we should doubt the power of an attorney to compromit the rights of his client, by any such act, whether wanton or inadvertent. At all events this mistake should not have any more effect than the very common errors in calculating of interest on notes injury trials, committed or assented to by the attorney.
The -verdict is for less than the plaintiff’s covenant entitled him to. He had a legal right to the whole sum, compounded of principal and interest, from the date of the note, and the verdict ought to have been set aside, and a venere facicis de novo awarded.
Wherefore, the judgment of the inferior court is reversed with costs.